JOHN McDERMOTT

v.

JOHN GUBBING.

*Practice—Dismissal as to One of Two Joint Defendants—Conflict of Evidence—Question for Jury.*

1. It is within the power of the trial court to allow the plaintiff to dismiss against one of two defendants who are sued as joint contractors, and to permit the case to proceed as against the other defendant. The fact that the retained defendant has filed a plea denying joint liability, does not alter the rule.

2. Where the evidence is sharply conflicting, this court will not interfere with the verdict of the jury.

[Opinion filed March 28, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. PERRY A. HULL, for appellant.

Messrs. FULLENWIDER & SIMMONS, for appellee.

*Per Curiam.* This is an appeal from the verdict of a jury and the judgment thereon in the action brought to recover for certain water heaters alleged to have been manufactured by appellee upon the order of appellant, upon his promise to pay for them. We have examined the points of law made by appellant's counsel, and are of opinion that there was no error of law made by the court in the trial of the case. We think it clearly within the power of the court to allow the plaintiff to dismiss against one of two defendants who are sued as joint contractors, and to permit the case to proceed as against the other defendant, and we can not see that the fact that the retained defendant has filed a plea denying joint liability, in any way alters the case.

It is strenuously contended that the verdict should be set aside because not supported by the evidence, but an examination of the record discloses that there is evidence which clearly supports the conclusion which the jury reached. There is indeed a sharp conflict on the question whether appellant promised to be personally liable for the heaters. He contends that his promise to pay was made in his official capacity as secretary of the heater company, and not individually, but appellee swears just as positively that the promise was a personal one, and that the work was done in reliance upon it.

There was other testimony and circumstances in support of each contention, and the case was one peculiarly for the determination of a jury. The verdict must be held to have settled the question of fact in favor of appellee, and as we find no error of law, under the well settled practice of reviewing courts, we must affirm the judgment.

*Judgment affirmed.*